IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALI MAYBERRY, SPN #2752566, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0101 |
| WALMART CORPORATION, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Ali Mayberry (SPN #2752566), also known as Anthony Morgan, is currently incarcerated in the Harris County Jail. He has filed this suit under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with an arrest. Because the plaintiff is in custody, the Court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **dismissed in part** for reasons that follow.

I.    **BACKGROUND**

The plaintiff sues Walmart Corporation, Walmart Store #4526 in Houston, Texas, the Head of Security for Walmart Store #4526, and Houston Police Officer R. Ledesma, who was reportedly working for the security department at Walmart Store #4526 when the incident giving rise to the complaint occurred.[1]

The plaintiff alleges that he was attempting to leave Walmart Store #4526 on November 27, 2014, when Officer Ledesma "fraudulently used his Houston Police Department badge and uniform to mislead and misdirect a Walmart employee into using deadly force" on him because Ledesma suspected the plaintiff of shoplifting.[2] The plaintiff explains that he was running to catch a metro train when a Walmart employee, acting at Officer Ledesma's direction, "clothes-lin[ed] the plaintiff in the neck and throat," injuring the plaintiff.[3] Officer Ledesma then jumped on the plaintiff's head and neck and began screaming, "Die Motherfucker Die."[4] The plaintiff sustained several injuries that required treatment at a hospital.[5]

---

[1]    Complaint [Doc. # 1], at 2-3.

[2]    *Id.* at 4.

[3]    *Id.* at 4-5.

[4]    *Id.* at 5.

[5]    *Id.* at 5-6.

The plaintiff contends that Officer Ledesma was working illegally and unlawfully without a permit at Walmart Store #4526 when he used excessive force to effect his arrest in violation of his civil rights.[6] The plaintiff claims that Walmart Corporation, Walmart Store #4526, and the Head of Security for Walmart Store #4526 conspired to cover up the fact that Officer Ledesma was working illegally without a permit and are responsible for his actions.[7]  The plaintiff seeks declaratory and injunctive relief as well as $27 million in damages from each defendant under 42 U.S.C. § 1983 and Texas state law.[8]

## II.    DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005) (internal citations omitted). Section 1983 affords a remedy against state actors only.  In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."

---

[6]    *Id.*

[7]    *Id.* 7-11.

[8]    *Id.* at 15.

*Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982).  This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State."  *Id.* at 937.

The plaintiff does not allege facts showing that Walmart Corporation, Walmart Store #4526, and the Head of Security for Walmart Store #4526 are state actors.  *See Morris v. Dillard Dep't Stores*, 277 F.3d 743, 747-51 (5th Cir. 2001).  Accordingly, these defendants cannot be held liable under 42 U.S.C. § 1983.

To the extent that the plaintiff attempts to lodge state law claims against Walmart Corporation, Walmart Store # 4526, and the Head of Security for Walmart Store #4526, these claims will also be dismissed.  Where a court dismisses a party's federal claims, the "general rule" is to dismiss any pendent state law claims without prejudice so that the plaintiff may re-file his claims in the appropriate state court.  *See Wong v. Stripling*, 881 F.2d 200, 203-04 (5th Cir. 1989); *see also Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994) (upholding the dismissal of an inmate's state law claims following the dismissal of his federal claims).  The decision to entertain or dismiss the pendent state claims is within the district court's discretion.  *See Wong*, 881 F.2d at 204.  Because the complaint has failed to state a federal claim against

4

Walmart Corporation, Walmart Store # 4526, and the Head of Security for Walmart Store #4526, this Court elects to follow the general rule and to dismiss the plaintiff's pendent state law claims against them without prejudice.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that:

1. The plaintiff's claims under 42 U.S.C. § 1983 against Walmart Corporation, Walmart Store #4526, and the Head of Security for Walmart Store #4526 are **DISMISSED** with prejudice for failure to state a claim.

2. The plaintiff's state law claims against Walmart Corporation, Walmart Store #4526, and the Head of Security for Walmart Store #4526 are **DISMISSED** without prejudice.

**The Clerk is directed to provide a copy of this order to the parties.**

SIGNED at Houston, Texas, on March 2, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE